IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RYAN WHEELER                                                          PLAINTIFF

v.                          Civil No. 05-2077

SHERIFF FRANK ATKINSON;
NURSE CRYSTAL REED; and
NURSE CHRISTY COLLIER                            DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Ryan Wheeler filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2005. His complaint was filed in forma pauperis (IFP). At the time he filed the complaint, Wheeler was incarcerated at the Sebastian County Detention Center.

On July 8, 2005, the defendants filed a motion to dismiss pursuant to Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas (Doc. 14). Defendants stated that materials sent to Wheeler at the Sebastian County Detention Center had been returned to them with the notation: "Return to Sender No Longer at This Address."

The court noted plaintiff had also listed a home address on the complaint when it was filed. For this reason, the undersigned directed the clerk to enter a change of address on the plaintiff's behalf (Doc. 17). In view of the fact that plaintiff listed an alternative address on is complaint, defendants' motion to dismiss was denied as moot.

On August 16, 2005, defendants filed a second motion to dismiss (Doc. 24). In this motion, they note that all mail sent to plaintiff at his home address has been returned to them with the notation: "Does Not Live at this Address."

The court notes that mail it sent to Wheeler on August 10, 2005, at the home address was returned to the court on August 19, 2005. The envelope was marked: "Attempted Not Known;

Not at This Address."

Local Rule 5.5(c)(2) provides in part as follows:

Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

Wheeler has not communicated with the court since he was released from the Sebastian County Detention Center. Wheeler was released from this facility sometime prior to July 8, 2005, when the first motion to dismiss was filed.

The only other address that appears in the file is the home address Wheeler had listed on his complaint. All mail sent to Wheeler at this address has been returned as undeliverable. No other address for the plaintiff is available.

I therefore recommend defendants' motion to dismiss be granted and Wheeler's complaint be dismissed on the grounds he has failed to prosecute this action and obey the rules of the court requiring him to keep the court informed of his address. *See* Fed. R. Civ. P. 41(b). **The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of August 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE